UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOLYNN VUCINOVICH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-7371** |
| **CHALMETTE MEDICAL CENTER, INC., ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

This case arises out of the allegedly negligent care rendered to the Plaintiff Jolynn Vucinovich during Hurricane Katrina. Prior to the storm, the Plaintiff was being treated for influenza at Chalmette Medical Center in St. Bernard Parish, Louisiana. Several days following the landfall of Hurricane Katrina, the Plaintiff was allegedly airlifted by basket from the hospital to Interstate 10, where she spent several hours sitting in the rescue basket on the highway in scorching temperatures before eventually being transported to Houston, Texas (while still in the rescue basket). Ultimately, a hospital in Houston removed the Plaintiff from the basket with wire cutters and found that her leg had became gangrenous. The Plaintiff underwent surgery and allegedly still suffers difficulty with her leg.

On August 10, 2006, the Plaintiff filed suit against Chalmette Medical Center, Inc., UHS of New Orleans, Inc., and UHS of Delaware, Inc. ("Defendants") in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, making various allegations concerning the timing and manner of her evacuation from the hospital.[1] The Defendants removed the case to

---

[1] UHS of New Orleans, Inc. and UHS of Delaware, Inc. are allegedly management companies that have the authority to direct and control the operations, policies, and personnel of Chalmette Medical Center.

this Court on October 5, 2006, asserting (1) that jurisdiction is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), because at the relevant times they were acting under color of federal authority and have colorable defenses to the Plaintiff's claims, and (2) that the remainder of the Plaintiff's claims are so related to her federal claims that this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2]  Essentially, the Defendants contend that federal officers conducted the evacuation of Chalmette Medical Center in the days following Hurricane Katrina and, therefore, that this matter belongs in federal court.  On November 3, 2006, the Plaintiff filed the instant motion to remand her case to state court.

The Defendants argue that federal jurisdiction exists pursuant to the federal officer removal statute, which provides in pertinent part:

> (a)  A civil action . . . commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1)  The United States . . . or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a)(1).  The purpose of this statute is to provide a federal forum in cases where federal officials are entitled to raise a defense arising out of their official duties.  *See Arizona v. Manypenny*, 451 U.S. 232, 241 (1981).  Though generally remand to state court is favored when removal jurisdiction is questionable, removal jurisdiction under the federal officer removal statute must be broadly construed.  *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

---

[2] The Defendants' Notice of Removal incorrectly contended that this case was a putative class action.  However, as the Defendants now recognize, the Plaintiff makes no class allegations in her petition.  Unfortunately, this initial confusion caused the Court to believe that this case was related to *Rivers, et al. v. Chalmette Medical Center, Inc., et al.*, Civil Action No. 06-8519 (E.D. La. filed Oct. 18, 2006), and explains the delay in the instant matter.

Indeed, the Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction. *See Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992).[3]

The Defendants contend that they are "person[s] acting under" an officer or agency of the United States and thus are entitled to a federal forum in this case. *See* 28 U.S.C. § 1442(a)(1). The federal officer removal statute only confers jurisdiction here if at least one of the Defendants is (1) a "person," (2) that acted under color of federal authority when committing the allegedly tortious conduct, and (3) can assert a colorable federal defense. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998) (applying three-part test elucidated by the United States Supreme Court in *Mesa v. California*, 489 U.S. 121 (1989)). When a private entity invokes § 1442(a)(1), it must "demonstrate that a federal officer has direct and detailed control over it." *Kaye v. Sw. Airlines Co.*, No. 05-450, 2005 WL 2074327, at *3 (N.D. Tex. Aug. 29, 2005) (citing *Winters*, 149 F.3d at 399-400 and 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.15(1)(b)(ii) (3d ed. 2005)).[4]

The Defendants contend that the evacuation of Chalmette Medical Center was conducted

---

[3] The United States Supreme Court recently discussed the purposes behind § 1442(a)(1) in *Watson v. Philip Morris Companies, Inc.*, 127 S. Ct. 2301 (2007). The Supreme Court noted that the federal officer removal statute's "basic purpose is to protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting . . . within the scope of their authority." *Id.* at 2306 (internal quotations omitted).

[4] The Supreme Court's recent decision in *Watson* also interpreted the "acting under" language of § 1442(a)(1). The Court read "acting under" to require "a relation to one holding a superior position or office," one which "typically involves subjection, guidance, or control." *Id.* at 2307 (internal citations omitted). Indeed, the Court stated that "the private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Id.*

at the direction of federal agencies and officers and, therefore, that this matter belongs in federal court. In support of their argument, the Defendants submit the affidavit of Tim Coffey, the hospital's Chief Operating Officer. In his affidavit, Mr. Coffey states that he rode out the storm at the hospital until August 30, 2005, when a military helicopter landed on the hospital's roof and flew him to the Louisiana Superdome. According to Mr. Coffey, when the helicopter landed military personnel told him that "they could start to evacuate patients." (Coffey Aff. 2, Nov. 21, 2006.) Ultimately, Mr. Coffey concludes that "[b]ased on my own discussions with the federal personnel conducting evacuations in the greater New Orleans metropolitan area and my own observations during the evacuation I have knowledge that the ultimate decisions regarding the timing and manner of patient evacuation from Chalmette Medical Center and the destination of evacuated Chalmette Medical Center patients were made by the military and federal government agencies conducting the evacuation in coordination with St. Bernard Parish Government officials." (Coffey Aff. 3.)

This Court recently examined the federal officer removal statute in *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 463 F. Supp. 2d 583, 588-90 (E.D. La. 2006). In that case, the Court rejected the defendant's argument that FEMA exercised "direct and detailed control" over the evacuation operations at local hospitals in the days following Hurricane Katrina, and thus found that § 1442(a)(1) did not confer federal jurisdiction. *Id.* at 590. The facts of the instant case are almost identical to those in *Preston*, and thus the Court finds that no federal officer or agency has exercised the requisite degree of control over these Defendants sufficient to allow them to invoke the federal officer removal statute.

Accordingly, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 4) is

GRANTED IN PART and that this matter is hereby REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. However, the Plaintiff's request for fees and costs is DENIED.[5]

New Orleans, Louisiana, this 12th day of September, 2007.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

---

[5] Lacking jurisdiction, the Court will not address the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), in which they argue that the Plaintiff's claims are premature under the Louisiana Medical Malpractice Act (Rec. Doc. 5).